## R. H. ROSSEAU & W. D. CRADDOCK *v.* E. J. MITCHELL.

**Bills and Notes—Misdescription of Note—Error in Calculating Interest—Misprision.**

The misdescription of a note is not sufficient to authorize a reversal of the case and an error in the calculation of the interest at the time of the judgment, is a clerical misprision, which can be corrected on motion.

**Attachment—Garnishment—Judgment Against Garnishee—Must Have Money and Not Property in His Hands.**

The allegations upon which the judgment was rendered against Craddock is to the effect that he had money, property, choses in action, and legal and equitable interest in property belonging to Rosseau in his hands and under his control more than sufficient to pay the debt sued for.

**Held,** that if Craddock had in his hand money sufficient to pay such debt it might have been proper to render a judgment against him, but he could not be compelled to pay Rosseau's debt and then convert property in his hands belonging to Rosseau, into money for the purpose of reimbursing himself.

APPEAL FROM LOUISVILLE CHANCERY.

February 16, 1872.

OPINION BY JUDGE LINDSAY:

The mis-description of the note sued on is not sufficient to authorize a reversal of the judgment against Rosseau. The alleged error in the calculation of the interest and at the time of judgment is a clerical misprision, which can be corrected upon motion. The petition alleges that the note was assigned and transferred by the payees to this plaintiff, and this allegation stands confessed.

We perceive no error in the procedings or judgment as to Rosseaw authorizing the reversal thereof by this court.

The allegation upon which the judgment was rendered against Craddock is to the effect that he had money property choses in action and legal and equitable interests in property belonging to Rosseau in his hands and under his control more than sufficient to pay the debt sued for. If he had in his hands the money sufficient to pay such debt, it might have been proper to render a judgment against him, but that fact is not alleged.

But certainly he ought not to be compelled to pay Rosseau's debt, and then convert property choses in action and legal and equitable interests in property belonging to Rosseau and under his control, into money for the purpose of reimbursing himself for such payment. The proper course would have been to compel him to disclose the amount and character of such property to the court, and then to subject the same to the payment of appellee's judgment.

As to Craddock, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*Dembeitz & Eehle, for appellants·*

*Thompson Booth & Klein, for appellees.*